UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EVAN BLAKENY and LUCINDA CHRISTIAN, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5: 17-006-DCR |
| V. | ) ) | |
| PAUL F. ISAACS, in his Individual and Official Capacities, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceeding without counsel, Plaintiffs Evan Blakeny and Lucinda Christian filed a Complaint against Paul F. Isaacs, Judge of the Circuit Court of Scott County, Kentucky. The suit is filed against Judge Isaacs in his individual and official capacities. [Record No. 1] The plaintiffs assert federal claims under 42 U.S.C. § 1983, as well as various provisions of state law. More specifically, Blakeny and Christian allege that Isaacs violated their rights while he presided over a legal proceeding relating to the foreclosure of a residence. Christian also has moved to proceed *in forma pauperis* and has provided an affidavit, asserting that she lacks sufficient funds to pay the filing fee. [Record No. 2] For the reasons that follow, the Complaint fails to state a claim upon which relief can be granted and will be summarily dismissed. *See* 28 U.S.C. § 1915(e)(2) (stating that courts may, *sua sponte*, dismiss a frivolous *in forma pauperis* complaint).

**I.**

As an initial matter, this Court lacks subject matter jurisdiction regarding the claims asserted. Under the *Rooker-Felder* doctrine, "federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments." *Marshall v. Bowles*, 92 Fed. Appx. 283, 284 (6th Cir. 2004) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). The plaintiff in *Marshall* pursued an action against a state domestic relations judge, asserting claims related to a proceeding over which he presided. *Id*. Specifically, the plaintiff alleged that the judge violated her due process rights through various orders and rulings during the proceeding. *Id*. The Sixth Circuit held that "[a] fair reading of the complaint reveals that [the plaintiff's] federal case is an impermissible appeal of state court judgments as it raises specific grievances regarding decisions of" the state court. *Id*. The Sixth Circuit concluded that the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because the complaint was effectively a challenge of the state court's actions.

Here, the plaintiffs' Complaint is, in essence, an impermissible appeal of the state court's judgment. The claims pertain solely to Judge Isaacs' rulings while presiding over the plaintiffs' case. By challenging these actions, the plaintiffs are asking this Court to evaluate the validity of the state court's determinations and ultimate judgment. Moreover, the primary requested relief in this case is an equitable judgment "ordering and prohibiting enforcement of any orders or judgment entered during the proceedings." [Record No. 1, p. 15] Asking this Court to essentially declare a state court judgment invalid and unenforceable functions as a

challenge to that court's judgment. Accordingly, it is an improper appeal and this Court lacks subject matter jurisdiction.

## II.

Assuming that this Court could exercise jurisdiction in this case, the claims would be dismissed as frivolous. As a general rule, a judicial officer performing his judicial functions is absolutely immune from a suit seeking monetary damages. *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994). The plaintiffs attempt to avoid this immunity by seeking injunctive relief rather than monetary damages. The Supreme Court has stated that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 542 (1984). However, in matters brought against judicial officer for actions taken in their judicial capacity, "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In this case, the plaintiffs have failed to allege that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, they have failed to state a claim for injunctive relief under § 1983.

The plaintiffs also seek attorney's fees under 42 U.S.C. § 1988 and 28 U.S.C. § 2412. However, under § 1988, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." 42 U.S.C. § 1988. The plaintiffs have not alleged that Judge Isaacs acted in excess of his jurisdiction. Additionally, 28 U.S.C. § 2412 applies to actions against the United States or any

agency or official of the United States and is not applicable in this case.[1]  Accordingly, the plaintiffs' claim for attorney's fees is equally lacking in merit.

### III.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Plaintiff Christian's motion for leave to proceed *in forma pauperis* [Record No. 2] is **GRANTED**.

2. The plaintiffs' claims are **DISMISSED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A separate Judgment will issue this date.

This 6th day of January, 2017.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

[1] The Court also notes that the plaintiffs are not entitled to seek attorney's fees which have not been incurred.  The plaintiffs are proceeding pro se and are not represented by counsel in this civil action.

-4-